**FILED**
**NOVEMBER 5, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6255**

| | | |
|---|---|---|
| **DERRICK COLLINS,** | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| **CITY OF CHICAGO;** | ) | |
| Chicago Police Officers | ) | |
| TERRENCE MORRIS, Star 16465; | ) | |
| CHRIS SAVICKAS, Star 5991; and | ) | |
| COURTNEY HILL, Star 12283; | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**JUDGE MANNING**
**MAGISTRATE JUDGE KEYS**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a United States citizen, and a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On or about December 27, 2006, Plaintiff DERRICK COLLINS went to visit his

mother at her home located at 527 East 36th Street, apartment 705, Chicago.

9. At about 9:00 a.m., Plaintiff knocked on his mother's door.

10. At that time, Defendants TERRENCE MORRIS, CHRIS SAVICKAS, and COURTNEY HILL approached Plaintiff with their guns drawn.

11. Defendant TERRENCE MORRIS had his gun pointed directly at Plaintiff.

12. MORRIS ordered Plaintiff to: "get down on the fuckin' floor."

13. Plaintiff complied.

14. MORRIS handcuffed Plaintiff.

15. Plaintiff was seized and not free to leave.

16. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

17. After Plaintiff was handcuffed and on the floor, Plaintiff's mother opened the door and asked what was going on.

18. The Defendant-Officers told Plaintiff's mother to: "shut the fuckin door."

19. A Defendant-Officer slammed the door shut.

20. Defendant-Officers picked up Plaintiff from the floor.

21. Defendants SAVICKAS and HILL walked Plaintiff to the ground level of the apartment complex.

22. Defendant SAVICKAS and HILL searched Plaintiff's person.

23. After Plaintiff was searched, Defendant MORRIS approached Plaintiff and asked Plaintiff, "where are the drugs?"

24. Plaintiff told MORRIS that he did not have any drugs.

25. MORRIS punched Plaintiff in the stomach.

26. MORRIS told SAVICKAS and HILL that he was going to take Plaintiff into the laundry room and strip-search him.

27. MORRIS took Plaintiff into the laundry room and punched, kicked, and beat Plaintiff.

28. MORRIS struck Plaintiff in the face which caused Plaintiff to fall and his head broke a window.

-2-

29. Plaintiff suffered a laceration to his head.

30. Defendants SAVICKAS and HILL entered the laundry room.

31. MORRIS told SAVICKAS and HILL that Plaintiff tried to kick him but fell.

32. Plaintiff told SAVICKAS and HILL that MORRIS had punched him causing him to fall and cut his head.

33. Defendants SAVICKAS and HILL took Plaintiff to Michael Reese hospital.

34. After receiving treatment at Michael Reese hospital, Plaintiff was taken to the 2nd District Chicago police station and charged with delivery of a controlled substance and possession of a controlled substance in Cook County Circuit Court case number 061148757. The case was nolle prossed on January 25, 2007.

35. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

36. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses, and monies posted for bond.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

37. Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

38. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

39. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

40. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d)   Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

41.   Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

42.   The actions of Defendant MORRIS violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)   Enter judgment against said Defendant;

b)   Award compensatory and punitive damages, as determined at trial;

c)   Award attorneys' fees and costs;

d)   Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

43.   Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

44.   While Plaintiff was subjected to excessive force as described above, Defendant-Officers SAVICKAS and HILL had an opportunity to intervene, but chose not to intervene.

45.   Defendant-Officers SAVICKAS and HILL were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)   Enter judgment against said Defendant-Officers;

b)   Award compensatory and punitive damages, as determined at trial;

c)   Award attorneys' fees and costs;

d)   Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Illegal Search of Person)

46. Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

47. The actions of Defendant-Officers SAVICKAS and HILL in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Malicious Prosecution)

48. Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

49. Defendant MORRIS's instituted charges against Plaintiff for delivery of a controlled substance and possession of a controlled substance.

50. There was not probable cause for such charges.

51. The charges were dismissed and terminated in a manner indicative of Plaintiff's innocence.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant;

b) Award compensatory and punitive damages, as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law *Respondeat Superior* Claim)

52. The acts of the individual Defendant-Officers described in the supplementary state

law claims specified above were willful and wanton, and committed in the scope of employment.

53. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### (Indemnification Claissssssssssssssssssm pursuant to 745 ILCS 10/9-102)

54. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

55. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

56. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595