**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK COLLINS; | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6255 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Manning |
| Chicago Police Officers | ) | |
| TERRENCE MORRIS, Star 16465; | ) | Judge Magistrate Keys |
| CHRIS SAVICKAS, Star 5991; and | ) | |
| COURTNEY HILL, Star 12283; | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

## <u>DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT</u>

Defendants, Terrence MORRIS, Courtney HILL, and Chris SAVICKAS, (hereinafter referred to as "Defendant Officers"), and Defendant City of Chicago, (hereinafter referred to as "City") by one of their attorneys, Thomas Freitag, Assistant Corporation Counsel, for their Answer, Affirmative Defenses, Fed. R. Civ. P. 12(b)(6) Defenses, and Jury Demand to Plaintiff's Complaint, state as follows:

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**<u>ANSWER</u>:**      Defendants admit the allegations contained in this paragraph, but deny any wrongful or illegal conduct.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**<u>ANSWER</u>:**      Defendants admit that jurisdiction is proper under the statutory provisions alleged in this paragraph, but deny any wrongful or illegal conduct.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b), in that the claims arose in this district as alleged below.

**ANSWER:**     Defendants admit that venue is proper.

### Parties

4.     Plaintiff is a United States citizen, and a resident of the Chicago, Illinois.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 4.

5.     Defendant police officers are duly appointed and sworn City of Chicago police officers.  At all times relevant  to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 5, but deny any

wrongful or illegal conduct.

6.     The Defendant-Officers are sued in their individual capacities.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 6, but deny any

wrongful or illegal conduct.

7.     The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:**     Defendant Officers admit, upon information and belief, that the City of

Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois and

admit that they are employed by the City of Chicago. Defendant Officers are without knowledge

sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

The City admits the allegations contained in paragraph 7.

### Facts

8.      On or about December 27, 2006, Plaintiff DERRICK COLLINS went to visit his mother at her home located at 527 East 36th Street, apartment 705, Chicago.

**ANSWER:**      Defendant Officers admit that on December 27, 2006, Plaintiff was at 527 East 36th street, Chicago, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

The City admits, according to Chicago Police Department ("CPD") records, that on December 27, 2006, Plaintiff was at 527 East 36th street, Chicago, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9.      At about 9:00 a.m., Plaintiff knocked on his mother's door.

**ANSWER:**      Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

10.      At that time, Defendants TERRENCE MORRIS, CHRIS SAVICKAS, and COURTNEY HILL approached Plaintiff with their guns drawn.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 10.

11.      Defendant TERRENCE MORRIS had his gun pointed directly at Plaintiff.

**ANSWER:**      Defendants deny the allegations contained in Paragraph 11.

12.      MORRIS ordered Plaintiff to: "get down on the fuckin' floor."

**ANSWER:**      Defendant Morris denies the allegations contained in Paragraph 12.

Defendants Savickas, Hill, and the City are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13.      Plaintiff complied.

**ANSWER:**      Defendant Morris denies the allegations contained in Paragraph 13.

3

Defendants Savickas, Hill, and the City are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14.     MORRIS handcuffed Plaintiff.

**ANSWER:**     Defendant Officers admit the allegations contained in Paragraph 14.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15.     Plaintiff was seized and not free to leave.

**ANSWER:**     Defendants admit the Plaintiff was lawfully arrested for Delivery of a Controlled Substance and Possession of a Controlled Substance, but deny any wrongful or illegal conduct.

16.     Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

**ANSWER:**     Defendants admit that Defendant Officers did not have an arrest warrant for Plaintiff, but deny all remaining allegations.

17.     After Plaintiff was handcuffed and on the floor, Plaintiffs mother opened the door and asked what was going on.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 17.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18.     The Defendant-Officers told Plaintiffs mother to: "shut the fuckin door."

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 18.

4

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19.    A Defendant-Officer slammed the door shut.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 19.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.    Defendant-Officers picked up Plaintiff from the floor.

**ANSWER:**    Defendant Morris admits that after he was placed into custody, that the Plaintiff was assisted to his feet from the floor by Defendant Morris, but Defendants Hill and Savickas deny this allegation with regard to Hill or Savickas picking up Plaintiff, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.    Defendants SAVICKAS and HILL walked Plaintiff to the ground level of the apartment complex.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 21.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22.    Defendant SAVICKAS and HILL searched Plaintiffs person.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 22.

5

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23.    After Plaintiff was searched, Defendant MORRIS approached Plaintiff and asked Plaintiff, "where are the drugs?"

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 23.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.    Plaintiff told MORRIS that he did not have any drugs.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 24.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25.    MORRIS punched Plaintiff in the stomach.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 25.

26.    MORRIS told SAVICKAS and HILL that he was going to take Plaintiff into the laundry room and strip-search him.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 26.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27.    MORRIS took Plaintiff into the laundry room and punched, kicked, and beat Plaintiff.

**ANSWER:**    Defendants admit that Plaintiff was taken to the laundry room, but deny any remaining allegations and any wrongful or illegal conduct.

28.    MORRIS struck Plaintiff in the face which caused Plaintiff to fall and his head broke a window.

6

**ANSWER:**    Defendants deny the allegations contained in Paragraph 28.

29.    Plaintiff suffered a laceration to his head.

**ANSWER:**    Defendant Officers admit that Plaintiff had a laceration to his head, but deny any wrongful or illegal conduct.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30.    Defendants SAVICKAS and HILL entered the laundry room.

**ANSWER:**    Defendant Officers admit that Defendant Savickas entered the laundry room, but deny any remaining allegations.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31.    MORRIS told SAVICKAS and HILL that Plaintiff tried to kick him but fell.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 31.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32.    Plaintiff told SAVICKAS and HILL that MORRIS had punched him causing him to fall and cut his head.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 32.

The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33.    Defendants SAVICKAS and HILL took Plaintiff to Michael Reese hospital.

**ANSWER:**     Defendant Officers admit that Defendant Savickas took Plaintiff to Michael Reese hospital, but deny any remaining allegations and any wrongful or illegal conduct.

The City admits, according to Chicago Police Department ("CPD") records, that Plaintiff was taken to Michael Reese Hospital, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33.

34.     After receiving treatment at Michael Reese hospital, Plaintiff was taken to the 2nd District Chicago police station and charged with delivery of a controlled substance and possession of a controlled substance in Cook County Circuit Court case number 061148757.  The case was nolle prossed on January 25, 2007.

**ANSWER:**     Defendants admit that after receiving treatment at Michael Reese hospital, Plaintiff was taken to the 2nd District Chicago police station and charged with delivery of a controlled substance and possession of a controlled substance, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34.

35.     Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs rights.

**ANSWER:**     Defendants deny the allegations in this paragraph.

36.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses, and monies posted for bond.

**ANSWER:**     Defendants deny the allegations in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 - Unreasonable Seizure)

This Count is directed only against the Defendant Officers.  The City therefore make no answer to any allegation contained in this count.

37.     Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

**ANSWER:**    Defendant Officers reassert their answers to Paragraphs 1- 36 as their

answers to this paragraph, as if fully stated herein.

38.    The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

39.    Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

40.    The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**    Defendant Officers deny the allegations in this paragraph.

## COUNT II
### (42 U.S.C. § 1983 - Excessive Force)
This Count is directed only against the Defendant Morris. The City and Defendants Hill and Savickas therefore make no answer to any allegation contained in this count.

41.    Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

**ANSWER:**    Defendant Morris reassert his answers to Paragraphs 1- 36 as his

answers to this paragraph, as if fully stated herein.

42.    The actions of Defendant MORRIS violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**    Defendant Morris denies the allegations in this paragraph.

## COUNT III
### (42 U.S.C. § 1983 - Failure to Intervene)
This Count is directed only against the Defendants Hill and Savickas. The City and Defendant Morris therefore make no answer to any allegation contained in this count.

43.    Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

**ANSWER:**    Defendants Hill and Savickas reassert their answers to Paragraphs 1- 36

as their answers to this paragraph, as if fully stated herein.

44.    While Plaintiff was subjected to excessive force as described above, Defendant-Officers SAVICKAS and HILL had an opportunity to intervene, but chose not to intervene.

**ANSWER:**    Defendants Hill and Savickas deny the allegations in this paragraph.

45.    Defendant-Officers SAVICKAS and Hill were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

**ANSWER:**    Defendants Hill and Savickas deny the allegations in this paragraph.

<u>**COUNT IV**</u>
**(42 U.S.C. § 1983 - Illegal Search of Person)**
This Count is directed only against the Defendants Hill and Savickas.  The City and Defendant Morris therefore make no answer to any allegation contained in this count.

46.    Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

**ANSWER:**    Defendants Hill and Savickas reassert their answers to Paragraphs 1- 36

as their answers to this paragraph, as if fully stated herein.

47.    The actions of Defendant-Officers SAVICKAS and HILL in searching Plaintiff's person without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**ANSWER:**    Defendants Hill and Savickas deny the allegations in this paragraph.

<u>**COUNT V**</u>
**(State Law Claim for Malicious Prosecution)**
This Count is directed only against the Defendant Morris.  The City and Defendants Hill and Savickas therefore make no answer to any allegation contained in this count.

48.    Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

**ANSWER:**      Defendant Morris reassert his answers to Paragraphs 1- 36 as his

answers to this paragraph, as if fully stated herein.

49.    Defendant MORRIS's instituted charges against Plaintiff for delivery of a

controlled substance and possession of a controlled substance.

**ANSWER:**      Defendant Morris admits that he arrested Plaintiff for delivery of a

controlled substance and possession of a controlled substance, and the state's attorney filed

charges based upon that arrest, but deny any wrongful or illegal conduct.

50.    There was not probable cause for such charges.

**ANSWER:**      Defendant Morris denies the allegations in this paragraph.

51.    The charges were dismissed and terminated in a manner indicative of Plaintiff's

innocence.

**ANSWER:**      Defendant Morris denies the allegations in this paragraph.

**COUNT VI**
**(State Law *Respondeat Superior* Claim)**

52.    The acts of the individual Defendant-Officers described in the supplementary state

law claims specified above were willful and wanton, and committed in the scope of employment.

**ANSWER:**      Defendants admit that Defendant Officers were acting in the scope of

their employment as Chicago Police Officers, but deny the remaining allegations contained in

Paragraph

53.    Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is

liable for its agents' actions.

**ANSWER:**      Defendant Officers object to the allegations contained in paragraph 52 of

Count VI of Plaintiff's Complaint, above, to the extent they seek a legal conclusion.  Without

waiving said objection, Defendant is without the knowledge or information sufficient to form a

11

belief as to the truth of the allegations contained in paragraph 53 of Count VI of Plaintiff's

Complaint, above.

Defendant City  admits that at all times relevant to Plaintiff's Complaint, the Defendant

Officers were acting within the scope of their employment as Chicago Police Officers, and state

that the allegation of this paragraph that the City is liable under the doctrine of respondeat

superior for the actions of its agents contains a vague, incomplete, or incorrect statement of the

nature of the City's liability under the doctrine of respondeat superior under Illinois law and

therefore this allegation is deemed denied, and further deny any wrongful or illegal conduct by

the Defendant officers.

## COUNT VII
**(Indemnification Claisssssssssssssssssm pursuant to 745 ILCS 10/9-102)**

54.    Plaintiff realleges all of the above paragraphs and counts as if fully set forth
herein.

**ANSWER:**    Defendants reassert their answers to all of the above paragraphs as their

answers to Paragraph 54, as if fully stated herein.

55.    The acts of the individual Defendant-Officers described in the above claims were
willful and wanton, and committed in the scope of employment.

**ANSWER:**    Defendants deny the allegations in this paragraph.

56    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY
OF CHICAGO is liable for any judgments in this case arising from the actions of the
Defendant-Officers.

**ANSWER:**    Defendant Officers object to the allegations contained in paragraph 56 of

Count VII of Plaintiff's Complaint, above, to the extent they seek a legal conclusion.  Without

waiving said objection, Defendant Officers are without the knowledge or information sufficient

to form a belief as to the truth of the allegations contained in paragraph 56 of Count VII of

Plaintiff's Complaint, above.

The City admits that pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102,

public entities are directed to pay compensatory damages for which employees are liable within

the scope of their employment, but deny any remaining allegations.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
## QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who performed

discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a

reasonable police officer objectively viewing the facts and circumstances that confronted

Defendants could have believed his actions to be lawful, in light of clearly established law and

the information that Defendants possessed.  Defendants, therefore, are entitled to qualified

immunity as a matter of law.

## SECOND AFFIRMATIVE DEFENSE
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendants are not liable

for any of the claims alleged because the decision to arrest Plaintiff was based upon the

information and circumstances known to Defendants at the time, and was a discretionary

decision for which he is immune from liability.  745 ILCS 10/2-201 (West 2006).

## THIRD AFFIRMATIVE DEFENSE
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officers were working as police officers at the time of this incident. Therefore,

as to all claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the

claims alleged because a public employee is not liable for his or her acts or omissions in the

execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton

conduct.  745 ILCS 10/2-202 (West 2006).

## FOURTH AFFIRMATIVE DEFENSE
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendants are not liable for any of Plaintiff's alleged claims because a public employee,

as such and acting within the scope of his/her employment, is not liable for an injury caused by

the act or omission of another person.  745 ILCS 10/2-204 (West 2006).

## FIFTH AFFIRMATIVE DEFENSE
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by

the instituting or prosecuting any judicial or administrative proceeding within the scope of their

employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-

208(West 2006).

## SIXTH  AFFIRMATIVE DEFENSE
## STATE COMPARATIVE AND CONTRIBUTORY FAULT LAW

That any injuries or damages claimed by the Plaintiff against Defendants were caused, in

whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff.  Even

if Defendants were liable in damages, the total amount of damages to which Plaintiff would

otherwise be entitled must be reduced by application of principles of comparative fault in

proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff

which were the proximate cause of his injuries.  In addition, at the time of the actions alleged in

Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a

14

plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### SEVENTH AFFIRMATIVE DEFENSE:
### MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

### EIGHTH AFFIRMATIVE DEFENSE:

Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under section 1983 for its employees' misconduct.

### NINTH AFFIRMATIVE DEFENSE:

Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

### FED. RULE CIV. PRO. 12(b)(6) DEFENSES

### FIRST 12(b)(6) DEFENSE:
### PUNITIVE DAMAGES IN VIOLATION OF DUE PROCESS

An award of punitive damages would deprive Defendants of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a)  liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and,

(B) the award of punitive damages is disproportionate to actual damages.

15

## **<u>CONCLUSION</u>**

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## **<u>JURY DEMAND</u>**

Defendants hereby demand a jury trial for all issues so triable.

Respectfully submitted,

*/S/ Thomas H. Freitag*
THOMAS H. FREITAG
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-7391
(312) 744-6566 (Fax)
Atty. No.: 06272245